We'll move to our next case, 23-1808, Camoin v. Nelnet. We're not rushing you at all, but whenever you're ready, we're happy to hear from you. Thank you, Your Honor. Good morning. May it please the Court. I'm Nandan Joshi, appearing on behalf of Appellant Michael Camoin. This Court has held that the public has a presumptive right to access summary judgment material filed in the trial court. The question before the Court today is whether that right is contingent on the issuance of a summary judgment decision. The Court below held that it was. It therefore denied Mr. Camoin's access to sealed filings without undertaking the balancing tests required under either the First Amendment or the common law. That was error. The purpose of the right of access is to enforce the longstanding presumption that court proceedings are open to the public. That presumption of openness for proceedings applies whether or not the proceeding terminates in a settlement or judgment. This Court said as much three years ago in Courthouse News v. Schaeffer, where this Court held that state courts had a duty to make civil complaints public as soon as possible after they were filed and should not wait for some official judicial action to do so. And it said as much in Company Doe v. Public Citizen, when it held that docket sheets and summary judgment filings should not be hidden from public view, absent specific findings that permanent sealing is necessary. Mr. Joshi, you are saying then, are you not, that based on Courthouse News, that there is a bright line rule that the presumptive right attaches at the time of filing. Is that correct? Yes. Certainly for summary judgment materials, once they are filed, it triggers a duty on the trial court to decide whether motions to seal that are filed along with the summary judgment papers should be granted or denied. And that duty would apply regardless of whether there was a contemporaneous request for the documents. I think one of the unusual things about this case that may not happen in the future is that after summary judgment briefing was completed, the Court held a summary judgment hearing and then issued an order staying all future filings in the case in order to, I believe, allow the parties an opportunity to negotiate a settlement. And unfortunately, that stay order applied not just to the substantive filings or the motion to seal the sealed exhibits that were filed along with the summary judgment motion. You have not made, or your client has not made, the argument that these documents are unsealed by virtue of the order, right? Because there is an order issued, the sealing order is a temporary one. Correct. And it said these are sealed until this date unless this has happened, right? It is a conditional temporary order. But you seem to sort of suggest, at least in the briefing, that that means that they remained under seal. You are not making an argument that the sealing order in the temporary conditional that it was means that these documents are actually unsealed. We did not make that. We did argue in the Court. I am not asking you why. I just want to make sure. That is not an argument that you are making. Correct. You are beginning with the premise. I am not saying that that is a good argument. I just want to make sure I understand the framework. Your argument instead is just assuming in effect that these documents are properly undersealed, they should now be unsealed. Correct. At least the burden should be, the findings should be made under the Knight Publishing standards if the Court is going to keep them under seal. So we argued in the trial court in this case that first that the stay order that the district court entered did not sort of vitiate the requirement that the parties actually file motions for permanent sealing by the due date. The Court rejected that and we haven't challenged that on appeal. We are challenging the trial court's determination that these were not judicial records at all. Can I ask a question that has confused me a little bit? So you did not intervene below. So you are not a party. Correct. And sort of definitionally, non-parties cannot appeal, right? That's sort of the Supreme Court since the 40s has said non-parties can't appeal. And so we've typically addressed sort of non-intervention motions to unseal by non-parties under the mandamus standard. Neither party here discusses the appropriate mechanism why you're before us. You file a notice of appeal, but you're a non-party, which seems like an odd problem. We've sometimes converted those to mandamus. But do you have a view on the basis on which we're here? And is it under sort of a mandamus principle or do you think that you're a non-party entitled to appeal for some reason? Yes. The Court addressed this issue in Company Doe versus Public Citizen. The requesters there were not parties to the underlying proceeding. They did file a motion to intervene, but then the notice of appeal was filed before the trial court was able to act on the motion for intervention. The court said the trial court lost jurisdiction, but nonetheless, these non-parties have a right to appeal as injured parties. Right, but the non-party appeal there depended on the participation of the non-party in the original sealing order, right? And your client obviously did not participate in the original sealing order. That's correct. The second part is correct, that my client did not participate in the original sealing order. I don't think the court's analysis in Company Doe, though, rested, the jurisdictional analysis rested on the fact that they were party, excuse me, they did move in the original proceeding to unseal. That was relevant to the appellant's interests in that case, whether they had standing and an interest to challenge the unsealing, but not the jurisdictional determination that the proper mechanism for appealing was a notice of appeal because their requests had been denied. But perhaps your client didn't file a motion to intervene because it wouldn't have been timely 13 years after the fact? Well, initially my client asked for these records pro se, but certainly the motion to intervene, I think, would have been perhaps pro forma, I mean, it is certainly untimely after the fact. The request came in here. I think this court has analyzed the appellate issue in a number of different formats. Judge Richardson mentioned mandamus format, but sometimes the requester does seek to intervene on appeal. In light of Company Doe, we thought the, I thought the best, the most straightforward avenue is to file a notice of appeal, given the court's reasoning in that case. If the court converts it to a mandamus or some other type of vehicle, I certainly would have no objection to that, but we rested the procedural vehicle on Company, the Company Doe analysis. So getting back to the question of whether these are records or not, I think I mentioned back, getting back to Company Doe, I mean, this court held that docket sheets and summary judgment filings shouldn't be hidden, and the trial court must make an affirmative finding that permanent sealing is necessary, and I think most importantly for present purposes, the court there made clear that the trial court should not wait until it grants or decides the summary judgment motions before making the sealing determination, and I think that refutes the idea that somehow summary judgment materials, the filings themselves, are contingent on whether or not the trial court issues a summary judgment decision, because once, if the court is acting properly, it's making the sealing determination expeditiously early on in the process, and oftentimes well before it will issue a summary judgment decision. Now the exception was Rushford. There there was a three-week gap between the filing of the summary judgment materials and the decision, and the court said, and this court said in that situation, the trial court should have issued a determination on sealing at the time it issued the summary judgment decision, and the court below relied on that language to say, well, whether the filings themselves or court records depends on the issuance of a summary judgment decision, and I think Company Doe refutes that, and I certainly think Courthouse News versus Schaeffer suggests that no judicial action is necessary in order to make a document filed with a court accessible to the public, and once again, I would go back to the point where the concern about transparency is not about just whether a particular judge reasoned a particular order correctly. It's about the judicial process, the litigation process, and here you had a situation where you had a multimillion-dollar key-tan action under the False Claims Act. There was discovery. Summary judgment motions were briefed. There was a hearing, and afterwards the party settled. The defendants in this group of defendants settled for a total of about $58 million, of which $47 million was Nelnet, and this is an action involving alleged fraud. It's against the Department of Education in the Student Loan Program, and the Company Doe mentioned, referred to the fact that when you have litigation involving governmental interests in public policy, that's the type of litigation where the court should be hospitable to making the records available to the public so that the public, the press, researchers can see what's going on in the court system, and I think that's the situation we have here. One of the things Rushford did, going back to Judge Keenan's request for observation about a bright-line rule, is create something of a bright-line rule between the discovery process, which the court largely holds should be done and is done in private, versus the trial process where the parties actually submit evidence to the court for decision-making. And just as a trial doesn't become secret if it settles before a verdict, the summary judgment process or the litigation process does not become secret just because the parties settle, perhaps in response to the summary judgment briefing, even if there's no court decision on summary judgment. Can I ask you a second about the sort of timeliness or lack thereof here? Is your view that that might be relevant at step two, but ought not to affect our sort of step one inquiry, that being the balance of government interests or the ceiling interest, not necessarily the government here, but it's often the government, but in this case not, the ceiling interest versus the public's interest, that maybe that sort of tells us something about the public's interest, but that it doesn't tell us anything about or is not sort of pertinent for this sort of threshold question of whether this is a judicial record? No, I agree with that completely. For example, at the time the litigation was ongoing, the defendants might have had a reasonable argument under second step that some of this information is sensitive business information. It shouldn't be released. Fourteen years later, that argument may be weaker. For example, that's one way the timeliness argues. But it also flips the other way, right? The fact that nobody's asked for it for 14 years suggests the public doesn't really need it, right? I mean, I'm not saying which way that comes out. I'm just saying the time here sort of might have some cut one way or the other. I'm not trying to make a judgment, but that's really a step two inquiry. Absolutely. It's a step two inquiry. No, I agree. If we can get to that point, the issue can be litigated and the trial court below can make findings as to how the timeliness issue weighs. Now, of course, there are two different standards. The First Amendment standard is more rigorous than the common law standard, and this Court's already held that summary judgment filings are First Amendment's inquiry. So that might, once again, cut in terms of how the balance turns out based on timeliness and other factors. But right now, we have these documents in this very important case that are not open to public view. No court has determined that the sealed material should actually be sealed, and that's where things sit. So if you're a historian or a researcher that's studying student loans and you're trying to look at the historical record as to how things have progressed to where we are now, you can't get these materials, even though no court has determined that they should be shielded from public view. Now, Mr. Joshi, I want to make sure I understand, though. If we agree with you that there is a presumptive right of access under the First Amendment, you do not dispute the fact that the defendant would have a right to rebut the presumption or attempt to rebut the presumption in the track court, isn't that correct? That's correct. I mean, it's a rebuttable presumption. It seems to me that that logically follows. When you have a rebuttable presumption, there is an opportunity at some later date to rebut the presumption if they can. That's correct. And there are a number of defendants that have not appeared in this litigation. We think at least with respect to those defendants, they shouldn't be able to come in on remand and say, now that we've seen how the Fourth Circuit has decided this case, we'll come in. But with respect to Nelmet and Brazos, the parties that did attempt to come in, I think the court can, we have argued that either the court can say that the record should be opened expeditiously or they should at least get the opportunity to make that statement below. You know, the request was made some months ago, and at some point the timeliness issue kicks in, but in terms of being actually able to access these records, but we understand it is a rebuttable presumption if we do prevail. I'll save the rest for the rebuttal if the court has no further questions. Thank you, counsel.  Thank you, Your Honor. May it please the court, Larry Gondelman on behalf of Nelnet Inc., Nelnet Education Loan Funding Inc., Brazos Higher Education Authority, and Brazos Higher Education Service Corporation. At the outset, I would like to apologize both to the court and opposing counsel for the fact that we said there was only one case that they cited that involved summary judgment. There are three. Quite frankly, I went back and looked at my notes. My notes reflected that, and I have no idea at this point how it happened. Quite frankly, I also think that that is irrelevant because all three cases involved summary judgment motions that were decided. There was a hearing on the summary judgment motions, correct? Yes. All right. Is it your position, was that a sealed hearing, a closed hearing, or a public hearing? It was a public hearing. All right. And the exhibits were part of the summary judgment motions, correct, in a public hearing? The exhibits that they're seeking were attached to not our summary judgment, it was actually the plaintiff's summary judgment motions. All of those were subject to a public hearing? Yes. All right. So that's not enough to make it a public document? No. I assume you're saying filing's not enough, but a public hearing is not enough? It's got ... Judge Keenan said bright line rule. There is a bright line rule. This court has held specifically that the bright line rule is that the documents must play an adjudicative role, all right? Wait, so tell me when we've held that? I think that's wrong, but help me understand why I'm mistaken about what we've done. In the in-ray application of the United States of America for an order pursuant to 18 U.S.C. Section 2703D, 707F3rd, 283, page 290. This court explicitly held that, quote, taken together, Rushford and In-Ray Policy Management Systems Corp. hold that documents filed with the court are judicial records if they play a role in the adjudicative process or adjudicate substantive rights. We adopt that definition. But that's different than what you said, right? So that's why that difference is what really matters here, right? Because the question is, do they play a role, right? And the court explains what it means by that on the next page. When it says these are judicial records because, and this is the actual holding of the case, because they were filed with the objective of obtaining judicial action or relief, right? That that is the role. So in a judicial decision, typically speaking, there are like two important pieces. Somebody asks for relief and the court grants the relief. And what the court says in the 2703D case is that it is the ask, right? It is because they were filed with the objective of obtaining the judicial relief that makes them judicial records, not that the judicial relief was actually granted, right? Not that it played a part in the judicial relief, but they were part of the process. So the key phrase in the first sentence you gave was, do they play a role in the adjudicative  And the process begins with a motion. Yes, Your Honor. There are the three cases that summary judgment cases where there was no ruling on summary judgment. Stay with this case, if you would, for a minute and tell me why. Because you're saying this case supports a rule that's different than I read this case. And so that's what I'm trying to understand. How do you read this case differently than I do? I read this case exactly the way the magistrate judge did in denying the motion times seal. I'm sure you think that, but why? And, well, I'll tell you exactly why. You've got, if you look at the policy reasons that the right to access has developed. I'm sorry, so in response to the question about why this case should be read there, your response is that I should look at the policy reasons for the right of access? I'm asking what the case says. It binds us. Not some policy reasons that you want to make up and talk about. I don't, I'm not a policy person. That's not my job. What I'm looking at are the three cases, the IHANTS case, the INRAE policy decisions case, and this case. All, those are the three cases and the only three cases that any of the parties and the magistrate judge found where a motion, where a party came in and filed a motion seeking relief. In our case, it was summary judgment. In the INRAE policy management case, it was a motion to dismiss, and in the IHANTS case, they were motions in limine, all right? And filed those documents under seal. The court did not rule on the underlying motions, any of those three motions requesting relief. Somebody sought access to those documents, and in each instance, the court denied access because since the motion was not, it was not enough in those cases for the court to. Can I ask you to go back, I understand you want to talk about other things, but can you just go back to the argument that you started with about the opinion in 2703D? And you said that it supported the rule that you gave, that the decision has to be, there has to be a decision made that's based on that evidence. And I read 2703D the exact opposite. And I just want to give you one last opportunity to explain to me when 2703D says, are they part of the process, and they're part of the process, the court says, because they were filed with the objective of obtaining judicial action. Why that is not read to stand for the proposition that if they're submitted for obtaining substantive judicial action, that they are, as Judge Keenan would say, categorically subject to the presumptive right of access under the First Amendment. I mean, I'm just trying to read the language and understand it. I understand. Not policy, not some other case. Tell me why I should not read process and filing to mean process and filing. I don't believe that process and filing equals playing a role in the adjudicative process. And the judge below. I totally agree, right? I agree with you, right? But the problem is they don't say what you're asking, right? Are they playing a role not in the adjudication, but in the adjudicative process? And the process has both a motion and an order, right? And that's why it asks the ultimate question, were they filed? In this case, the process had a motion. Process did not have an order. And without that order, they do not play a role in the process. That's all I could, that's how. Your argument is, is that in looking at the process, the adjudicative process, that there is no process when there's no order. So if you're asking for something, no process exists, right? That's not, like when we would talk about is there a judicial process, I file a motion, I have a hearing in front of the judge. We argue about the motion, no process has taken place. No, that's not what I'm saying. The process has taken place. The issue is whether it played, the document plays a role in that process. So Mr. Goddard, then if I issue an order, but I say in my order, oh, by the way, parties, exhibits one and two, I didn't consider at all. It played no role in this process because I just didn't look at them. Not only did I, you know, it wasn't that I looked at them and found them irrelevant, but I just didn't even look at them. So can those, under your argument, can those still be sealed? Well, I'm having a hard time wrapping my head around the judge saying that I didn't look at them. In this case, the judge very specifically in his order denied it. I'm asking you this question. Yeah. Can you answer the question, not change it? Can you answer it? If the court said these, if a court looked at it and said these documents, these two documents did not play a role in my decision at all, then I would argue that that means under the case law, it did not play a role in the adjudicative process. It's a difficult. Counsel. Yeah. She was asking. I'm sorry. Mr. Conlon, are you equating process and decision? It seems to me that that's maybe where your argument is going off the rails. In other words, that you're saying process is confined to the court's decision-making process as opposed to a larger concept of the adjudicative process, which in courthouse news says begins with the filing of a complaint. Isn't that really the dispute we're having here? Well. How narrowly to construe that term? I think the operative word that we're arguing over is playing a role in the process and what does that entail. That, to me, is the heart of the dispute. You're saying process is ruling and no more. You're reading that as narrowly as possible. And why would that perspective be supported in a First Amendment context when it's talking about a rebuttable presumption of access because of the public's right to know what's going on? Well, I'm limiting it to, this issue is limited to step one. Is it a document to which judicial right to access exists? Not the balancing. We never got to the balancing. The court did not balance. Nobody was asked to make those arguments because the state was issued and the case settled. What I'm really getting at is, and maybe I'm not saying it clearly enough, you want us to limit the concept of the judicial process to the judge's ruling. Isn't that correct? And that's your position. My, yes. My position is that . . . Okay, and if we disagree with you on that, do you lose? It seems to me you're setting this up as a win or lose at that juncture. And if you aren't, please tell us why not. I'll tell you where I want to go with it. And I'm not avoiding your question. I think I'm answering it, I hope. And I tried to . . . The right to access evolved out of the policy that judicial proceedings should be open so that the public is insured that there aren't any shenanigans going on under seal. That's the whole . . . I apologize. That's what all the case law holds. There is no public . . . The access to these documents would not shed any light whatsoever on the fairness of the proceedings. They would shed light on your client's shenanigans, though. Right? That's what they would shed light on. No, not necessarily. Well, that's the allegation here, right? $47 million. Well, let me . . . The only policy argument, really, that Kamoin identifies is that speculates, totally invents out of thin air, is the notion that the stay order was issued after the summary judgment argument. What he leaves out, this is the morning of spoliation motion . . . Can you go back to Judge Keenan's question, because I think now we are avoiding it. If we think the process is not limited to the judge's decision, but includes the entire process, then you lose? No. Tell me why. Because then you have to examine how does giving access to that document advance the policies that underlie the right of access. All right? If a document does not . . . If the judge says, as Judge Dillon, I didn't look at those documents, which the judge said in this case, I didn't consider them in the slightest, therefore they did not play a role, access to those documents is no different than any of the tens of thousands of documents that were produced in discovery. Do you believe, under your theory, is a complaint a judicial document? Yes. Under which the First Amendment . . . Yes. But why? Because there's no judicial decision, right? The judge hasn't made any decision with respect to . . . Because it's not a document that . . . Counsel! I'm sorry, Your Honor. I apologize. You keep doing it. You're right. Does the complaint count because there's no judicial decision? In fact, the case might be settled before even a motion to dismiss is filed. There's no judicial decision at all. But it is part of the adjudicative process, and so we've held that the complaint counts, despite no judge's involvement. Right? I don't understand how that squares with your rule that suggests that it's only the judicial decision. Well, it's only the judicial decision in connection with a motion. Complaint is very different. A person is coming into court and asking to right a wrong, right? That is something that the policies that underlie the right of access says the public should have a right to know that John Doe came in here and alleged A, B, C, and D. So no judicial action is required. That is a public document. That's why they're seeking relief. And that . . . the policies underlying the right of access say the public should know what people are coming into court seeking relief for. And a summary judgment motion is the plaintiff's continued effort to get relief from your client's shenanigans. It's the same question, right? This is the information, the continuation of the complaint. I'm seeking relief, right? A remedy for the wrongs done to me. The complaint is the allegations. The summary judgment is the facts. Yes. No judge decision required. They're the same, right? Filing of something, seeking relief from wrongs. Summary judgment or complaint, they're synonymous. Summary judgment, no. For the reasons I explained, a motion for summary judgment and a complaint are very different. I think that the attempt to distinguish IHANTS and INRAE policy, a motion to dismiss and motions eliminate, are exactly the same as the summary judgment. Party is asking for relief from the court, seeking that relief, attaching documents. The public would like to know why you're seeking to exclude that evidence. Those motions are withdrawn. The documents are still under seal. Somebody seeks access to it. And the IHANTS court said it didn't play a role in the adjudicative process, even though you requested relief from the court. Do you agree with your colleague on the other side that the company DOE decision permits appeal by a non-party here? Yeah, that was an interesting, I'll kick myself if I've passed up an argument that could have gotten this thrown on jurisdictional grounds. And I must admit that I don't know the answer because I haven't thought about it, John. One other thing I do have to address is the notion that the case settled because of these documents is invented out of thin air. This case settled because on August 6th, almost a week after the motion for summary judgment. A week after the hearing, right? A week after the hearing. And we often think about like temporal proximity as being some evidence of causation, right? So like, you know, if you get fired the week after you blow the whistle, we think that's some evidence that that was the cause. And so you've got a summary judgment motion. It's filed. It's argued. The judge presumably expresses some tentative views that can be gleaned from the questioning. And then a week later, coincidentally, you argue, I think, that they settled the case. No. It's unrelated to the summary judgment. No. A week later, the judge held a hearing on our spoliation motion, granted the motion, did not determine at that time what the sanction would be. But as this court is well aware, typical sanction is the adverse inference. That happened on August 6th. And it was a week after that that the case, the stay was issued and the case settled. So if you want to look at temporal proximity as to why did this case settle had nothing to do with the summary judgment motion, had nothing to do with that. They didn't present this court with anything that was said from the transcript of the summary judgment. On the other hand, that spoliation motion is the reason that the case settled. I was there. I know that that's what happened. It's the logical conclusion. And then what happened is the court issues a stay. Thank you, counsel. We appreciate your argument. And I apologize to the court for interrupting. Counsel, we're happy to hear from you. Thank you, your honors. I just have a few points. First, on the adjudicative process, I think your honors covered the ground. If the adjudicative process includes the whole process, includes complaints, and the one thing I would add is under my friend's view of what the adjudicative process would be, the admonition in Company Doe that trial courts address motions to seal expeditiously and not wait until summary judgment is decided makes no sense. Because under that view, the trial court is within its rights and should just wait until it decides summary judgment to determine which documents are part of the process. Can you talk a little bit? I understand the 2703D case in Rushford, and that seems to be the line that the Fourth Circuit has drawn. A number of other circuits take the line instead that the right of access extends only to materials upon which a judicial decision is based, right? Which is a different standard, right? It sort of adopts his view. He hasn't pointed to these cases, but the Seventh Circuit takes this view. Arguably, the Sixth Circuit takes this view. We seem to have rejected it. But why, from your perspective, is our approach the right one? Why is it that we should consider the First Amendment right of access based on the filing seeking substantive relief as opposed to materials upon which a decision is based? Sure, Your Honor. First, on the circuits, I'm not aware that the Sixth and Seventh Circuits have addressed this issue. We did cite Second and Third Circuit cases that go our way that say a summary judgment decision or any kind of judicial decision isn't necessary. Except there's a hypothetical that the Sixth and Seventh go the other way, as well as some others sort of ambiguously. But assume for a minute that that's true and tell me why those cases aren't the right way to think about it. Sure. I think it's part and parcel of the notion of openness. Take this case. Opposing counsel says, here's the reason this case settled. Well, how is someone without access, a member of the public, a researcher, the press, that's going back to look at this material, how are they supposed to challenge that determination if they don't have access to the same material? Not even challenge the determination, right? The part of the point of public access is to understand why a case settled. And your colleague might be right. It was spoilation. It might have been summary judgment. But without the information contained in those documents, we're left speculating or, you know, taking the word, no disrespect to it, but to an insider, right, who says that he was there. He's probably the only person in the room that was there. And so he's got privileged knowledge about it. I don't mean attorney-client privilege. I mean otherwise privileged knowledge. But without the records, the public can't know why it settled. And I think it becomes clear if you think of it in the concept, in the notion of a trial. If a trial doesn't result in a judgment or a verdict, does it get sealed, are all those records not judicial records? Do historians, are they not able to go back to see what happened in a critical trial? And I think it's the same situation here. It's part of the transparency and openness that this court and the Supreme Court has said gives the public faith in the judicial process, that the fact that they can see what's going on. And I do, before I run out of time, I do want to make this point. In the world of PACER, it may seem like all these documents are available and just the portions that are redacted are not. However, if the judge below and the opposing counsel's views correct, no summary judgment papers would be judicial records available to the public. And that really impacts state courts. Courthouse News was a state court case, and the First Amendment applies to state courts. And they may not necessarily have electronic filing in PACER. And the public's ability to access not just sealed material, but any material will depend on which materials are judicial records under the First Amendment. So this court's decision will not only impact, I think, this type of situation, but really have broad ramifications for public access to all kinds of judicial records in all kinds of courts. If the court has no further questions. Thank you, counsels.
judges: Julius N. Richardson, Barbara Milano Keenan, Elizabeth Kay Dillon